IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO DEPARTMENT OF LABOR,

    Plaintiff,

v.                                                    Civil No. 03-420 WJ/RLP

UNITED STATES DEPARTMENT OF LABOR,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss [Docket No. 5]. Having considered the submissions of the parties and being fully advised on the relevant law, I find the motion is well taken and will be granted.

**BACKGROUND**

Various states administer unemployment compensation systems in accordance with federal law requirements. The states are responsible for ensuring that benefits are timely and appropriately paid. In order to ensure that "Y2K" did not adversely affect the various states' abilities to administer their unemployment compensation programs after January 1, 2000, the federal government offered states funds to upgrade their computer systems. The United States Department of Labor (Department) awarded these Y2K grants to the states during fiscal years 1998 and 1999. The State of New Mexico received grants totaling $6,541,814.

The Department's Office of Inspector General (OIG) issued an audit report on $5,575,655 of the New Mexico Department of Labor's (NMDOL) Y2K grant expenditures. The OIG questioned whether more than $900,000 of these expenditures met the grant requirements. The Grant Officer issued a Final Determination on January 30, 2002 that disallowed $899,620 of the NMDOL'S expenditures. However, the Grant Officer waived debt collection against NMDOL. Collection was waived because some states had received misleading guidance from the Department regarding the charging of existing staff costs to the Y2K grants. While the NMDOL had not received misleading guidance on this issue, the Grant Officer determined that it would be unfair to recover these costs from some states and not from others and that all states should be treated equally concerning the disposition of the Y2K grants.

The NMDOL disagreed with the conclusions of the January 03, 2002 Final Determination relating to disallowed costs. However, the NMDOL did not appeal or seek review of this Final Determination because debt collection was waived. The NMDOL considered the matter closed.

Nearly 11 months later, on December 22, 2002, the Department issued a "Revised Final Determination." Apparently, the OIG disagreed with the Grant Officer's decision to waive debt collection on the disallowed costs and sought review of the decision by the Deputy Secretary pursuant to internal departmental procedures. NMDOL had no notice of the review.

After considering the OIG's views and the position of the Grant Officer, the Deputy Secretary concluded that the OIG had raised significant issues that needed to be addressed. The Deputy Secretary remanded the matter to the Grant Officer to permit further examination and, if necessary, to issue a revised determination. The NMDOL had no notice of the remand or

reconsideration and had no opportunity to participate in any of the procedures leading to the issuance of the Revised Final Determination.

Upon reconsideration, the Grant Officer issued the Revised Final Determination in which he found that the waiver of debt collection was not appropriate because the NMDOL had received clear and unambiguous guidance on the use of the Y2K grant monies.  The Revised Final Determination found that $892,245 of disallowed costs were subject to debt collection and had to be repaid by NMDOL to the Department.

Under Employment and Training Order 5-85, the NMDOL had a non-mandatory opportunity to appeal the Grant Officer's final determination before the Department's Office of Administrative Law Judges (OALJ).  In order to preserve its rights, the NMDOL requested a hearing.  On April 7, 2003, the NMDOL filed this action pursuant to the Administrative Procedures Act, 5 U.S.C. § 702, to enjoin the administrative proceedings and to obtain a declaration from this Court that the January 30, 2002 Final Determination was the final agency action and the December 22, 2002 Revised Final Determination was a legal nullity.  Both parties agreed to stay the administrative appeal pending resolution of this action.

Defendant Department filed the instant motion to dismiss alleging that Plaintiff NMDOL's action should be dismissed for failure to exhaust administrative remedies and, alternatively, because the case is not ripe for review as the agency action is not final.

**LEGAL STANDARD**

Defendant Department filed its motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Plaintiff NMDOL argues that the motion is more properly characterized as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

The Tenth Circuit has recently made clear that a motion to dismiss may be analyzed under Rule 12(b)(1) only when a court's subject matter jurisdiction is challenged. See Steele v. Federal Bureau of Prisons, -- F.3d --, 2003 WL 23019855 (10th Cir. Dec. 29, 2003). Analysis under Rule 12(b)(1) does not apply to motions to dismiss based on prudential doctrines and rules of judicial administration. Id.

The Tenth Circuit has held that "a statute requiring exhaustion of administrative remedies may be jurisdictional if it is more than a codified requirement of administrative exhaustion and contains sweeping and direct statutory language that goes beyond a requirement that only exhausted actions be brought." Steele, -- F.3d --, 2003 WL 23019855 (citing Weinberger v. Salfi, 422 U.S. 749, 757 (1975)) (internal quotations omitted). In Darby v Cisneros, 509 U.S. 137, 153 (1993), The Supreme Court of the United States found that, "[w]ith respect to actions brought under the APA, Congress effectively codified the doctrine of exhaustion of administrative remedies in § 10(c) [5 U.S.C. § 704]." Thus, under the APA, exhaustion of administrative remedies is a rule of judicial administration rather than a jurisdictional prerequisite. See Rocky Mountain Oil and Gas Ass'n v. Watt, 696 F.2d 734, 743 (10th Cir. 1982); Ayers v. Espy, 873 F.Supp. 455, 461 (D.Colo. 1994). The Department's motion to dismiss for failure to exhaust administrative remedies is therefore appropriately analyzed pursuant to Fed. R. Civ. P. 12(b)(6).

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in

4

the Complaint and construe them in the light most favorable to the plaintiff.  Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

An argument that a case is not ripe goes to the heart of a federal court's subject matter jurisdiction because it raises the constitutional limitation on federal courts to hear only actual cases and controversies.  U.S. Const. Art. III § 2; Gordon v. Norton, 322 F.3d 1213, 1219 (10th Cir. 2003); Coalition For Sustainable Resources, Inc. v. U.S. Forest Service, 259 F.3d 1244, 1249 (10th Cir. 2001); Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234, 1241 (10th Cir. 2001).  More specifically, finality of agency action is a jurisdictional prerequisite to judicial review under the APA.  Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1494 (10th Cir. 1997).  Thus, Defendant Department's motion to dismiss on the basis that the agency action is this case is not final is appropriately analyzed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

When moving to dismiss for lack of subject matter jurisdiction, a party may go beyond the allegations contained in the complaint and challenge the facts upon which jurisdiction depends. Sizova v. National Institute of Standards & Technology, 282 F3d 1320, 1324-25 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  A Rule 12(b) motion to dismiss can challenge the substance of the complaint's jurisdictional allegation in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court. Sizova, 282 F.3d at 1324-25; New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495 (10th Cir. 1995).  A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b).  In such instances, a court's reference to evidence outside

the pleadings does not convert the motion to a Rule 56 motion.  Sizova, 282 F.3d 1324-25; Holt, 46 F.3d at 1003.

If resolution of the jurisdictional question is intertwined with the merits of a case, a court must convert a motion to dismiss for lack of subject matter jurisdiction into a motion to dismiss for failure to state claim or motion for summary judgment.  Sizova v. Nat'l Institute of Standards & Tech., 282 F3d 1320, 1324-25 (10th Cir. 2002); Franklin Sav. Corp. v. United States, 180 F.3d 1124, 1129 (10th Cir. 1999); Tippett v. United States, 108 F.3d 1194, 1196 (10th Cir. 1997); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  When deciding whether jurisdiction is intertwined with the merits of a particular dispute, the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.  Davis, 343 F.3d at 1296 (internal citation omitted).

The NMDOL argues that, in this case, reference to matters outside the pleadings on the issue of ripeness and finality converts this motion to a Rule 56 motion or a Rule 12(b)(6) motion because the merits are intertwined with the jurisdictional dispute.  In NMDOL's view, the court must determine the substantive issue whether the Revised Final Determination was valid in order to determine whether this case should be dismissed for failure to exhaust or lack of ripeness.  For reasons explained more fully below, the Court disagrees.

**DISCUSSION**

I.  SHOULD NMDOL'S CAUSE OF ACTION BE DISMISSED PURSUANT TO RULE 12(b)(6) FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES?

It is well settled that a court cannot impose an exhaustion requirement in a case filed pursuant to the Administrative Procedures Act (APA) unless exhaustion is expressly mandated by

statute or by agency regulation.  Darby v. Cisneros, 509 U.S. 137, 146 (1993) (referencing 5 U.S.C. § 704 of the APA).  Here, the agency rule providing an opportunity to appeal a final determination is non-mandatory.  Neither party argues that there is any other statutory or regulatory exhaustion requirement applicable to NMDOL's claims.  The Department argues that NMDOL's cause of action should be dismissed for failure to exhaust administrative remedies and points to the pending, stayed administrative appeal filed by NMDOL to show the failure to exhaust.  The Department further argues that the Court may impose an exhaustion requirement as a matter of judicial discretion.  The Court in Darby expressly held that a court has no discretion to require a litigant to exhaust optional appeals.  Therefore, this Court has no discretion to dismiss the NMDOL's cause of action pursuant to Rule 12(b)(6) for failure to exhaust **optional** administrative remedies.

II.     SHOULD NMDOL'S CAUSE OF ACTION BE DISMISSED PURSUANT TO RULE (12)(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE THE AGENCY ACTION FOR WHICH IT SEEKS JUDICIAL REVIEW IS NOT FINAL?

At least one court has stated, based on  Darby, that all definitive agency actions are final and therefore reviewable unless a statute or the agency's regulations require exhaustion as a prerequisite to judicial review.  See Shawnee Trail Conservancy v. United States Dep't of Agric., 222 F.3d 383, 389 (7th Cir. 2000).  This statement, taken out of its context, provides an overly broad interpretation of the holding in Darby.  The Court in Darby did not equate the finality requirement with the concept of exhaustion and, in fact, clearly noted that the doctrine of exhaustion of administrative remedies is distinct from the doctrine of finality.  509 U.S. at 144. The Supreme Court further explained that, while the application of the doctrine of exhaustion of administrative remedies was limited under 5 U.S.C. § 704, federal courts are free to apply, where

appropriate, other prudential doctrines of judicial administration to limit the scope and timing of judicial review under the APA. Darby, 509 U.S. at 146. Therefore, the holding in Darby which prevents the application of the doctrine of exhaustion of administrative remedies unless exhaustion is required by statute or agency rule does not foreclose a finding that an agency action is otherwise nonfinal.

> Section 10(c) of the APA provides that:
>
> Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

5 U.S.C. § 704.

In Darby, the Supreme Court of the United States noted that the language of the statute could be read to suggest that an agency action is final regardless whether a motion for reconsideration of the agency decision had been filed with the agency. 509 U.S. at 145. The Court went on to explain that, in spite of this potential interpretation, the statutory language has long been construed merely to relieve parties of a general requirement to petition for rehearing before seeking judicial review, but not to prevent petitions for reconsideration that are actually filed from rendering the agency decision under reconsideration nonfinal. Id. (citing Interstate Commerce Comm'n v. Bhd. of Locomotive Engineers, 482 U.S. 270, 284-85 (1987)); see also Am. Farm Lines v. Black Ball Freight Serv., 397 U.S. 532, 541 (1970) ("Unless Congress provides otherwise, where a motion for reconsideration is in fact filed there is no final action until rehearing is denied."); Civil Aeronautics Bd. v. Delta Airlines, Inc., 367 U.S. 316, 326 (1961)

("[A]n administrative order is not final, for the purposes of judicial review, until outstanding petitions for reconsideration have been disposed of.").

The Ninth Circuit, subsequent to the Supreme Court decision in Darby, specifically held that the exercise of an optional administrative appeal renders the agency decision subject to such appeal nonfinal for purposes of judicial review. Acura of Bellevue v. Reich, 90 F.3d 1403, 1407 (9th Cir. 1996). In so holding, the Ninth Circuit relied on the Supreme Court cases noted above that found that a motion for reconsideration actually filed renders nonfinal the agency action under reconsideration. Id. The Ninth Circuit then noted that there is no qualitative difference between a motion for reconsideration and an administrative appeal. Id. at 1407-8.

The NMDOL argues that the finality of the Revised Final Determination does not govern judicial review in this case because the Revised Final Determination is a nullity. Thus, according to the NMDOL, the determination of the validity of the Revised Final Determination is a threshold issue that must be decided before the Court can ascertain its jurisdiction over the case. In this case, the NMDOL has filed an administrative appeal of the Department's Revised Final Determination. The Department is competent to decide both the validity and the merits of the Revised Final Determination. Thus, the agency action underlying any judicial review in this case has been rendered nonfinal and this Court lacks subject matter jurisdiction to review the Department's actions until such time as the Department renders a final agency decision.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Department's Motion to Dismiss [Docket No. 5] is hereby GRANTED pursuant to Fed. R. Civ.P.12(b)(1) and Plaintiff NMDOL's

Complaint is hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

  IT IS FURTHER ORDERED that all other pending motions in this case are hereby DENIED as moot.

                _____
                UNITED STATES DISTRICT JUDGE